UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHELDON MILLER, BRUCE SEYBURN,
ARTHUR WIRTH and JAMES RANDOLPH,

          Plaintiffs,

v.                                                         Case No. 11-12086
                                                         Honorable Denise Page Hood

LAIDLAW & COMPANY (UK) LTD., an
English corporation, HUGH REGAN, TED
FOWLER, JASON RUSSO, TODD CIRELLA,
STEPHEN GIANNANTONIO, and PETER
SILVERMAN,

          Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION AND DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

This matter is before the Court on Defendants' and Plaintiffs' Motions for Reconsideration. Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(2) and Motion to Dismiss pursuant to Rules 8, 9, and 12(b)(6) on August 15 and 16, respectively, of 2011. On March 29, 2012, the Court granted both motions in part. The Court found that it had personal jurisdiction over Laidlaw, Todd Cirella, and Jason Russo. The Court dismissed the remaining individual defendants for lack of personal jurisdiction. The Court allowed Plaintiffs an opportunity to amend their Complaint to allege any facts to support the fraud and unjust enrichment claims. The Court found that Plaintiffs' negligent misrepresentation claim was adequately pled, that Plaintiffs Seyburn and Miller's breach of fiduciary duty claims were not time barred and Plaintiff Wirth's breach of fiduciary duty claim was time barred, and dismissed

Plaintiffs' accounting claims because there was an adequate remedy at law. These motions followed.

For the reasons stated below, Defendants' Motion for Reconsideration is GRANTED and Plaintiffs' Motion for Reconsideration is DENIED.

## I.     STANDARD OF REVIEW

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of judgment. E.D. Mich. L.R. 7.1(h)(1). No response or oral argument is allowed unless the Court orders otherwise. E.D. Mich. L.R. 7(h)(2). Rule 7.1(h)(3) provides that "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." The Court may grant a motion for reconsideration if the movant shows that the Court and the parties were misled by a "palpable defect." E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest, or plain." *Olson v. The Home Depot*, 321 F.Supp.2d 872, 874 (E.D. Mich. 2004). "The movant must not only demonstrate a palpable defect . . . but also show that correcting the defect will result in a different disposition of the case." E. D. Mich. L.R. 7.1(h)(3).

## II.    ANALYSIS

### A.     Negligent Misrepresentation

Defendants argue that the Court committed a palpable error by failing to consider Plaintiff's negligent misrepresentation claims under heightened scrutiny pursuant to Federal Rule of Civil Procedure 9(b). In its prior Order, the Court did not analyze Plaintiff's negligent misrepresentation claims under heightened scrutiny. Although the Court did not expressly

indicate whether the statements relied on were actionable, it specifically found that "Plaintiffs have sufficiently pled negligent misrepresentation" [Docket No. 31, p. 17].

The Court is aware that the Sixth Circuit has recently considered the issue of whether a claim for innocent misrepresentation pursuant to Michigan law must meet the requirements of Rule 9. *Smith v. Bank of Am. Corp.*, 485 Fed. App'x. 749, 752–53 (6th Cir. 2012). The Sixth Circuit found that plaintiffs' "innocent misrepresentation claim is, in essence, an allegation of fraud . . . . As such, the pleading must at least put the [defendant] on notice as to the time, place, and content of the alleged misrepresentations." *Id.* at 753 (citing Fed. R. Civ. P. 9(b); *Frank*, 547 F.3d at 570). Likewise, this Court has held that a claim for negligent misrepresentation must meet the heightened pleading standards set forth in Rule 9(b). *Qadeer v. Bank of Am., N.A.*, 2013 U.S. Dist. LEXIS 14496, 21-22 (E.D. Mich. Feb. 4, 2013) (Lawson, J.) (unpublished).

As such, the Court finds that there is a palpable error. Plaintiffs' negligent misrepresentation claims are dismissed to the same extent that the fraud claims were dismissed. As with fraud, negligent misrepresentation requires proof that the defendant misrepresented a past or existing fact. *Boumelhem v. BIC Corp.,* 535 N.W.2d 574, 579 (Mich. Ct. App. 1995); *City of Nat'l Bank v. Rodgers*, 399 N.W.2d 505, 507–08 (Mich. Ct. App. 1986). As the Court stated in its March 29th Order, statements qualifying an investment, such as "great investment," and "huge investment and business opportunity," and statements regarding the growth of return of an investment or when the investment would be repaid are nothing more than opinions and future promises. *See Van Tassel v. McDonald Corp.*, 407 N.W.2d 6, 8 (Mich. Ct. App. 1987); *Webb v. First of Michigan Corp.*, 491 N.W.2d 851, 853 (Mich. Ct. App. 1992). These

statements are not actionable. The Court reconsiders its prior holding because it did not specifically analyze whether the statements relied on were actionable as a matter of law. For the same reasons that Plaintiffs' fraud claims failed to the extent they relied on future promises and opinions, the Court finds that Plaintiffs' negligent misrepresentation claims fail as a matter of law.

### B. Breach of Fiduciary Duty

Defendants argue that the Court should reconsider its prior Order because the Court did not specifically address whether Defendants owed Plaintiffs a fiduciary duty or whether they were properly pled to that extent. Defendants note that the Court only expressly analyzed whether the claims were time barred.

The Court, in its prior Order, did not address whether there was a fiduciary duty for the purpose of a common law breach of fiduciary duty claim. The Court noted that cases cited by Defendants were distinguishable because they relied on federal securities law. Defendants urge the Court to give these cases precedential effect in this case. Given that the Court did not specifically address whether a duty existed and previously expressed some concern regarding whether a duty actually existed, the Court deems this issue appropriate for reconsideration.

The Court's prior analysis of whether there was a fiduciary duty now appears to be too limited. When confronted with a common law breach of fiduciary duty claim, this Court has analyzed the cases cited by Defendants to find that the claims were not adequately pled because the plaintiffs failed to allege that the accounts were discretionary. *Haase v. GunnAllen Fin., Inc.*, 2011 U.S. Dist. LEXIS 19454, 27–28 (E.D. Mich. Feb. 28, 2011) (citing *First of Michigan Corp. v. Swick*, 894 F.Supp. 298, 299 (E.D. Mich. 1995); *Leib v. Merrill Lynch, Pierce, Fenner &*

*Smith, Inc.*, 461 F.Supp. 951 (E.D. Mich. 1978); *Davis v. Keyes*, 859 F.Supp. 290, 294 (E.D. Mich. 1994) (finding that "[n]o fiduciary relationship arises on the basis of duties owed to nondiscretionary account customers"). Accepting this analysis, the Court finds that Plaintiffs have not stated a claim for breach of fiduciary duty because they have not alleged that the accounts were discretionary.

Plaintiffs have also filed a motion for reconsideration asking the Court to reconsider its holding that Plaintiff Wirth is barred from asserting a breach of fiduciary duty claim. Plaintiffs argue that the Court should allow Wirth to proceed on his breach of fiduciary duty claim against Laidlaw under the doctrine of respondeat superior because there were statements made by other employees that were within in the statute of limitations. Given that the Court finds that these claims were not adequately pled, there is no palpable error.

### III. CONCLUSION

IT IS ORDERED that Defendants' Motion for Reconsideration [Docket No. 34, filed April 12, 2012] is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Reconsideration [Docket No. 33, filed April 12, 2012] is **DENIED**.

**IT IS SO ORDERED**.

                                                  S/Denise Page Hood
                                                  United States District Judge

Dated: March 27, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 27, 2013, by electronic and/or ordinary mail.

                                                  S/LaShawn R. Saulsberry
                                                  Case Manager