UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHELDON MILLER, BRUCE SEYBURN,
ARTHUR WIRTH and JAMES RANDOLPH,

      Plaintiffs,

v.                                          Case No. 11-12086
                                            Honorable Denise Page Hood

LAIDLAW & COMPANY (UK) LTD., an
English corporation, HUGH REGAN, TED
FOWLER, JASON RUSSO, TODD CIRELLA,
STEPHEN GIANNANTONIO, and PETER
SILVERMAN,

      Defendants.
      _____/

**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION**

      This matter is before the Court on Defendants' Second Motion for Reconsideration. The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of judgment. E.D. Mich. L.R. 7.1(h)(1). No response or oral argument is allowed unless the Court orders otherwise. E.D. Mich. L.R. 7(h)(2). Rule 7.1(h)(3) provides that "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." The Court may grant a motion for reconsideration if the movant shows that the Court and the

parties were misled by a "palpable defect." E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest, or plain." *Olson v. The Home Depot*, 321 F.Supp.2d 872, 874 (E.D. Mich. 2004). "The movant must not only demonstrate a palpable defect . . . but also show that correcting the defect will result in a different disposition of the case." E. D. Mich. L.R. 7.1(h)(3).

Defendants take issue with the Court's March 28, 2013 Order Granting in Part Defendants' Motion to Dismiss. Defendants argue that the Court committed a palpable error when it did not consider Defendants' arguments that (1) Plaintiffs had not plead sufficient facts to show that Defendants' representations were false when made or that Defendant knew that they were false, or (2) Plaintiffs had not satisfied the Rule 9(b) heightened pleadings standard. Defendants also take issue with the Court's ruling on Plaintiffs' unjust enrichment claims. The Court has addressed these or similar issues in two motions to dismiss and now two motions for reconsideration. The Court will not readdress them here.

Therefore,

IT IS ORDERED that Defendants' Motion for Reconsideration [Docket No. 45, filed April 11, 2013] is DENIED.

Dated: July 31, 2013        S/Denise Page Hood
                            Denise Page Hood
                            United States District Judge

2

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 31, 2013, by electronic and/or ordinary mail.

                                          S/LaShawn R. Saulsberry
                                        Case Manager