UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHELDON MILLER, BRUCE SEYBURN,
ARTHUR WIRTH and JAMES RANDOLPH,

      Plaintiffs,

v.                                          Case No. 11-12086
                                        Honorable Denise Page Hood

LAIDLAW & COMPANY (UK) LTD., an
English corporation, HUGH REGAN, TED
FOWLER, JASON RUSSO, TODD CIRELLA,
STEPHEN GIANNANTONIO, and PETER
SILVERMAN,

      Defendants.

_____/

## ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANTS' MOTION TO AMEND/CLARIFY THE COURT'S MARCH 28, 2013, ORDER [#47]

This matter is before the Court on Defendants' Motion to Amend/Clarify the Court's March 28, 2013, Order. **[Docket No. 47, filed June 25, 2013]** Plaintiffs filed an Answer in Opposition to this Motion on July 12, 2013, **[Docket No. 48]** to which Defendants filed a Reply Brief. **[Docket No. 49, filed July 18, 2013]** On March 28, 2013, the Court entered an Order Granting In Part Defendants' Motion to Dismiss Plaintiffs' Amended Complaint. **[Docket No. 42]** In the instant Motion, Defendants "request that this court amend its March 28, 2013 order to affirmatively state that (1)

counts I and II of plaintiffs' amended complaint (Doc #32) are dismissed, (2) all counts against Jason Russo are dismissed, and (3) plaintiffs' breach of fiduciary duty claims in their amended complaint—counts III and VII—are dismissed." For the reasons discussed below, Defendants' Motion is **GRANTED, IN PART**, and **DENIED, IN PART**.

The Court, having reviewed Defendants' Motion to Amend/Clarify as well as having reviewed the Court's March 28, 2013, Order, notes that it is satisfied that the Order clearly and adequately notifies the parties of the remaining counts and Defendants in this case. For purposes of clarity only, the Court states the following in regards to its March 28, 2013, Order:

**IT IS ORDERED** that, consistent with the Court's March 28, Order, Count I Fraud and Misrepresentation (Miller v. Laidlaw, Russo and Cirella) and Count II Negligent Misrepresentation (Miller v. Laidlaw, Russo and Cirella), are **DISMISSED** as Plaintiff Miller's claims in both the initial Complaint and the Amended Complaint "rely on future promises."

**IT IS FURTHER ORDERED** that Defendant Jason Russo is **DISMISSED** as Plaintiffs' claims both in the initial Complaint and the Amended Complaint refer to

"future promises" made by Defendant Russo.[1]  As the Court stated. "Any statement that the investments were "huge," "good," "profitable," "safe," and the like are . . . matters of opinion or puffery and are not actionable for fraud."  Plaintiffs fail to allege any claims made by Defendant Russo that are not based on what the Court has already deemed "future promises" or opinion.

      **IT IS FURTHER ORDERED** that Count III Breach of Fiduciary Duty (Miller v. Laidlaw, Russo and Cirella) and Count VII Breach of Fiduciary Duty (Seyburn v. Laidlaw and Cirella) are **DISMISSED**.  As the Court stated in its March 27, 2013, Order Granting Defendants' Motion for Reconsideration and Denying Plaintiffs' Motion for Reconsideration **[Docket No. 42]**, "the Court finds that Plaintiffs have not stated a claim for breach of fiduciary duty because they have not alleged that the accounts were discretionary."

      **IT IS FURTHER ORDERED** that the following claims remain;

        (1) Unjust Enrichment (Miller v. Laidlaw and Cirella)
        (2) Fraud and Misrepresentation (Seyburn v. Laidlaw and Cirella)
        (3) Negligent Misrepresentation (Seyburn v. Laidlaw and Cirella)
        (4) Unjust Enrichment (Seyburn v. Laidlaw and Cirella)

---

[1] In its March 28, Order, the Court erred when it stated that Wirth alleges that "Russo and other Laidlaw employees indicated that a company had no debt and that another company was in the final stages of tests for a drug that would put cancer in remission."  Plaintiff Wirth attributed these statements to Defendant Laidlaw and not Defendant Russo.

      (5) Fraud and Misrepresentation (Wirth v. Laidlaw and Cirella)
      (6) Negligent Misrepresentation (Wirth v. Laidlaw and Cirella)
      (7) Unjust Enrichment (Wirth v. Laidlaw and Cirella)

To the extent that Defendants' Motion to Amend/Clarify the Court's March 28, 2013, Order **[Docket No. 47, filed June 25, 2013]** seeks to have the Court readdress concerns and arguments raised in Defendants' April 11, 2013, Motion for Reconsideration **[Docket No. 45]**, the Court directs Defendants to the July 31, 2013, Order Denying Defendants' Motion for Reconsideration, and Defendant's Motion to Amend/Clarify is **DENIED**. **[Docket No. 50]**

                  S/Denise Page Hood
                  Denise Page Hood
                  United States District Judge

Dated: March 31, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2014, by electronic and/or ordinary mail.

                  S/LaShawn R. Saulsberry
                  Case Manager